# Baskin *v.* Andrews, Appellant.

*Appeals—Assignments of error—Charge—Exceptions—Act of May 11, 1911, P. L. 279.*

A judgment will be affirmed where the only assignment of error is to a portion of the charge of the court below, and the record shows that no exception was taken or asked for before verdict or afterwards.

Argued Oct. 15, 1913. Appeal, No. 125, Oct. T., 1913, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1908, No. 2,311, on verdict for defendant in case of Joseph Baskin v. Margaret E. Andrews. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Appeal from judgment of a magistrate. Before FERGUSON, J.

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned* was a portion of the charge, quoting it.

*Trevor T. Matthews,* for appellant.

*Frank Hasson,* for appellee.

PER CURIAM, December 8, 1913:

The sole assignment of error is to a portion of the charge. But it appears that no exception to the charge was taken or asked for before verdict or since. Under the decisions rendered before the passage of the Act of May 11, 1911, P. L. 279, an exception was essential in order to bring the charge on the record for purposes of review. It was suggested on the oral argument that under that act no exception is necessary, and we suppose that the general language of sec. 6 is relied on to support this position. It is apparent, however, that that

section was not intended by the legislature to do away with the necessity of an exception to the charge. That subject is regulated by sec. 2, and as no attempt was made to comply with its provisions, the charge is not before us for review. No other error in the record is suggested, and, therefore, the judgment is affirmed.